**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4567**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERITON LAVAR CURRY, a/k/a Cheese,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:16-cr-00074-MOC-DSC-2)

Submitted: July 31, 2018                    Decided: August 8, 2018

Before KING, DIAZ, and THACKER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

James S. Weidner, Jr., JAMES S. WEIDNER, JR. ATTORNEY, Charlotte, North Carolina, for Appellant. Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeriton Lavar Curry pled guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012), and was sentenced to 151 months' imprisonment. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the application of the career offender enhancement, whether Curry received ineffective assistance of counsel, and whether the prosecutor committed misconduct. Curry filed several pro se briefs and raised a number of issues, which we have consolidated into five claims: (1) vindictive prosecution; (2) abuse of discretion in the denial of Curry's motion to withdraw his guilty plea; (3) erroneous application of the career offender enhancement to Curry's Sentencing Guidelines calculation; (4) lack of subject matter jurisdiction over the Hobbs Act robbery charge; and (5) that Curry's sentence is procedurally and substantively unreasonable.

We ordered supplemental briefing on one issue: "[w]hether conspiracy to commit Hobbs Act robbery is a crime of violence under U.S. Sentencing Guidelines Manual § 4B1.2(a) (2016) for the purposes of career offender sentencing under USSG § 4B1.1(a)." Curry's attorney filed a supplemental brief, and the Government then filed a motion to dismiss the appeal on the basis of Curry's appeal waiver. We grant the Government's motion in part, dismiss the appeal in part, and affirm in part.

We will enforce a defendant's waiver of his right to appeal his conviction and sentence if the waiver "is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks

2

omitted). "We review the validity of an appeal waiver de novo," considering "the totality of the circumstances." *Id.* A valid waiver is one that is "knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Upon a review of the record, including the plea agreement and transcripts of the Fed. R. Crim. P. 11 proceeding and the sentencing hearing, we conclude that Curry's waiver was valid. There is no evidence in the record to support Curry's assertion that his plea was invalid due to the ineffective assistance of counsel. *See United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007). Moreover, the record establishes that the magistrate judge substantially complied with Fed. R. Crim. P. 11. Curry represented to the magistrate judge that he was not under the influence of drugs or alcohol; that his mind was clear; that he understood he was in court to enter a guilty plea; that no one had threatened, intimidated, or forced him to enter a guilty plea; and that no one had made any promises of leniency or a light sentence to induce him to plead guilty. When the magistrate judge asked if the right to appeal his conviction and sentence had been expressly waived in the plea agreement, Curry responded, "Yes." Following the Rule 11 hearing, Curry was given additional time and funds to hire an expert to assess his mental status during the Rule 11 hearing, and Curry chose not to submit the results of that evaluation to the court. Accordingly, there is no support for Curry's contention that his plea was not knowing and voluntary.

3

Regarding the waiver's scope, Curry waived, through his plea agreement, the right to appeal his conviction and sentence on all grounds except for claims of ineffective assistance of counsel and prosecutorial misconduct. The waiver explicitly included any appeal pursuant to 18 U.S.C. § 3742 (2012), which permits appeals for sentences "imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). Accordingly, Curry's challenge to the career offender enhancement—including the question of whether conspiracy to commit Hobbs Act robbery is a crime of violence—and his claim that his sentence is procedurally and substantively unreasonable, both fall squarely within the compass of his waiver of appellate rights.

Curry's ineffective assistance of counsel and prosecutorial misconduct claims are not within the scope of the appeal waiver. However, neither claim entitles Curry to relief on appeal. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Indeed, a defense attorney should be given an opportunity to address the reasons for his or her action or inaction, and the record should be more fully developed, before addressing this issue. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We conclude that the record before us contains no conclusive evidence of ineffective assistance. Curry's claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.

Curry claims prosecutorial misconduct and vindictiveness because the prosecutor threatened to indict him on additional charges if he did not accept the offered plea deal. However, threatening a defendant with a superseding indictment to induce a guilty plea

4

does not amount to prosecutorial vindictiveness and is not improper. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364-65 (1978).

Curry's pro se claims that the district court abused its discretion in denying his motion to withdraw his guilty plea, and that the federal courts lack subject matter jurisdiction over this case are also not barred by the appeal waiver. *See United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005); *United States v. Broughton-Jones*, 71 F.3d 1143, 1147-49 (4th Cir. 1995); *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). However, we again find that neither claim has merit.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). Upon a review of the record, we conclude that Curry has not met his burden and the district court did not abuse its discretion in denying Curry's motion to withdraw his guilty plea.

Finally, Curry argues that the federal courts have no subject matter jurisdiction over this case because the robbery did not have a substantial effect on interstate commerce. The Hobbs Act prohibits robbery or extortion that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a) (2012). "[T]he Hobbs Act's jurisdictional predicate is

5

satisfied where the instant offense has a minimal effect on interstate commerce." *United States v. Tillery*, 702 F.3d 170, 174 (4th Cir. 2012) (internal quotation marks omitted). This "minimal effect" includes a robbery that "depletes the assets of an inherently economic enterprise." *Id.* (internal quotation marks omitted). Here, the robbery at issue plainly affected interstate commerce to a sufficient degree to establish federal jurisdiction.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious, unwaived issues for appeal. We grant Curry's motion to amend and supplement his pro se supplemental briefs. We grant the Government's motion to dismiss Curry's challenges to his career offender designation and the reasonableness of his sentence. We affirm the criminal judgment as to the remaining claims. This court requires that counsel inform Curry, in writing, of the right to petition the Supreme Court of the United States for further review. If Curry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Curry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*